**In re Lyman M. BARRETT and Margaret H. Barrett, Debtors.**

Bankruptcy No. 395–31173–PSH13.

United States Bankruptcy Court, D. Oregon.

Nov. 6, 1995.

William J. Claussen, Salem, OR, for Debtors.

Mark B. Comstock, Paulus, Jennings & Comstock, P.C., Salem, OR, for American Pacific Bank.

## MEMORANDUM OPINION

POLLY S. HIGDON, Bankruptcy Judge.

The Chapter 13 debtors filed their petition on February 27, 1995. The American Pacific Bank, successor in interest to Santiam Valley Bank, (hereinafter referred to as "Bank") objected to the terms of their proposed plan wherein it was to be paid as a secured creditor in the amount of $32,400 with the balance of the $61,227 obligation treated as unsecured. The Bank argues that because at the time of filing it was in fact secured only in the real property, it is the holder of a claim secured only by a security interest in real property which is the debtors' principal residence within the meaning of 11 U.S.C. § 1322(b)(2); consequently its rights cannot be modified.

The undisputed facts are as follows. On October 3, 1983 the debtors executed a note in the amount of $110,000 in favor of Santiam Valley Bank. To secure this note they granted the Bank a second mortgage on their rural residence and, in addition, granted a security interest in livestock and farm equipment. On January 20, 1995 the Bank obtained a judgment of foreclosure against the debtors on both the security agreement and

the mortgage. At the time the debtors filed bankruptcy the sheriff had yet to hold the foreclosure sale of the property. The real estate was subject to a first mortgage held by the Department of Veterans Affairs. The personal property was subject to a prior security interest held by the Farmers Home Administration. The parties concur that at the time of bankruptcy filing there was no value in the personal property available to secure the debtor's note to the Bank.

The Bank cites *In re Nobelman* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) in support of its position. In *Nobelman* the Supreme Court held that the debtor may not bifurcate a claim, pursuant to 11 U.S.C. § 506(a), into portions of secured and unsecured if the creditor who is the holder is secured only in real property which is the debtor's principal residence. However, it was uncontested that the *Nobelman* creditor never held other than a mortgage on the debtor's residence. Consequently the Court was not required to directly address the issue before me.

Although the Bank cites *Nobelman* in support of its position, a careful reading of that case will demonstrate that it undermines the Bank's position. The Court interpreted the language of 11 U.S.C. § 1322(b)(2) to protect the rights of holders of secured claims. It emphasized that these rights are determined under state law based on the contractual instruments between the parties. These rights are many, including the right to foreclose upon default and the right to obtain a deficiency judgment. They are not limited by the value of the security at the time of filing the petition. As does the Bank, the Nobelmans made the mistake of confusing these creditors' *rights,* protected by § 1322(b)(2) from any modification, with creditors' secured *claims* which may be modified in amount through the valuation process in 11 U.S.C. § 506(a).

■ The necessary conclusion from the Court's foregoing statements must be that valuation of the creditor's collateral at the time of the bankruptcy filing does not determine whether the creditor qualifies under 11 U.S.C. § 1322(b)(2) as a "holder of ... a claim secured only by a security interest in real property that is the debtor's principal residence". Rather qualification rests on the contractual rights between the parties as of the date the debtors file their bankruptcy petition. Lower courts have concurred. *See, e.g., In re Spano,* 161 B.R. 880 (Bankr. D.Conn.1993); *Matter of Graham,* 144 B.R. 80 (Bankr.N.D.Ind.1992).

There is further support for this court's ruling found in the legislative history of 11 U.S.C. § 1322(b)(2). Congress amended the original proposed statutory language which prohibited modification of *any* claim secured by real estate, to limit the prohibition to those claims secured only by the debtor's principal residence. This language reflects a perception that home mortgage lenders, performing a valuable social service through their loans, needed special protection against the modification of such loans. See Hearings Before the Subcommittee on Improvements of the Judicial Machinery of the Senate Committee on the Judiciary, 95th Cong., 1st Sess. (1977) (pp. 652 *et seq.*). See also discussion of the legislative history in *In re Seidel,* 752 F.2d 1382 (9th Cir.1985) and *Grubbs v. Houston First American Savings Ass'n,* 730 F.2d 236 (5th Cir.1984).

■ The Bank does not qualify under 11 U.S.C. § 1322(b)(2) as a holder of a claim secured only by a security interest in real property that is the debtor's principal residence. Its contractual rights include not only a mortgage against the farm but also a security interest in livestock and farm equipment with all the attendant privileges to foreclose upon the latter upon default, which indeed it did. The Bank's objection to confirmation of the debtor's plan is overruled. There being no further objections to confirmation of the proposed plan the court will enter an order of confirmation.